UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL ALBERTS,** ) | CASE NO.  1:15 CV 251 |
| ) | |
| **Plaintiff,** ) | JUDGE DAN AARON POLSTER |
| ) | |
| vs. ) | <u>**OPINION AND ORDER**</u> |
| ) | |
| **L&K CONSTRUCTION, LTD, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

This case is before the Court on the "Motion to Dismiss for Failure to State a Claim upon which Relief can be Granted or in the Alternative Motion for Summary Judgment (hereafter, "Motion" or "Motion to Dismiss"). (**Doc #: 6** .)  For the following reasons, the Motion is **DENIED**.

**I.**

On February 9, 2015, Plaintiff Michael Alberts filed a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") against his employer, Defendant L&K Construction, Ltd. ("L&K"), and its principal shareholder and manager, Defendant Lee Squire. Alberts, who was hired to drive Defendants' dump trucks carrying construction aggregate in 2007, alleges that he is not an FLSA-exempt employee, and that he has driven Defendants' trucks 50 to 70 hours weekly since 2007 without being paid overtime.  As such, he brings an overtime claim on behalf of himself (Count I) and on behalf of "[a]ll former and current hourly employees of L&K Construction, Ltd. at any time between February 9, 2012 and the present" (Count II).

On March 18, 2015, Defendants filed the pending Motion under Rule 12(b)(6), asking the Court to dismiss the case for failure to state a claim on the basis that Alberts is exempt from the FLSA. (Doc #" 6.) Defendants contend that the FLSA does not apply to Alberts because, as a driver, by definition he effects the "safety of operation" of his truck, he drives as a part of interstate commerce, and the trucks he drives have a Gross Vehicle Weight Rating ("GVWR") of 65,000 pounds." (Motion at 2 (citing *Allen, et al. v. Coil Tubing Serv., Inc., LLC*, 755 F.3d 279 (5th Cir. 2014; *McCall, et al. v. Disabled Am. Veterans, et al.*, 723 F.3d 962 (8th Cir. 2013); *Vaughn, et al. v. Watkins Motor Lines, Inc.*, 291 F.3d 900 (6th Cir. 2002); *Walters, et al. v. Watkins Coach Line of Miami, Inc.*, 575 F.3d 1221 (11th Cir. 2009)). (Id. at 1-9.) Defendants have summarized their argument as follows:

> Assuming that Alberts is not denying that his driving affects interstate or foreign commerce, then the only factual issue left in this case that affects liability is whether the defendant and their drivers are exempt from the FLSA because of the GVWR of the vehicles he drove for L&K.
>
> It cannot be truthfully disputed that the smallest truck driven by Alberts in L&K's fleet has a GVWR of 65,000 pounds.

(Id. at 6.)

On April 1, 2015, Alberts filed an opposition brief and an alternative motion for additional time to respond to a summary judgment motion. (Doc #: 10.) Alberts points out that Defendants' position that he is exempt from the FLSA is based on the Motor Carrier Act Exemption (MCAE) to the FLSA. According to Alberts:

> For an employee to fall under the authority of the Secretary of the Department of Transportation – and, thus, be subject to the MCAE – both the employer and employee must be engaged in interstate commerce. To determine whether an exemption exists under the MCAE, a Court must look to both the characteristics of the employer's conduct and the activities of the employee.

(Id. at 5.) The Court agrees and denies the Motion on this basis.

Defendants also contend that the Court should dismiss Counts I and II because Alberts has failed to comply with the written consent requirement of 29 U.S.C. § 213(b) (i.e., he has failed to file his written consent to be a party plaintiff himself *and* he has failed to file the written consent of other drivers he purports to represent). (Id. at 10.)

Alberts asserts that no statute requires him to file written consent to bring an individual FLSA claim against his employer on his own behalf. And as regards his collective FLSA claim, in addition to targetting the wrong statute, Defendants are putting the proverbial cart before the horse. In support he cites *Olivo v. GMAC Mortg. Corp.*, 374 F.Supp.2d 545 (E.D.Mich. 2004), where the district court correctly stated:

> Pursuant to § 216(b), Plaintiffs may maintain a collective action on behalf of themselves "and other employees similarly situated[,]" but for any "similarly situated" employee to be bound by a judgment, they must have filed a written consent with this Court.

Id. at 547. As the collective claim is an opt-in one, no written consent is needed until after the plaintiff has demonstrated other putative similarly-situated plaintiffs for notice purposes (a fairly lenient standard), and the similarly-situated employees have been notified of the action and agree to be part of it.

## II.

For these reasons, the Court **DENIES** the pending Motion to Dismiss. (**Doc #: 6**.)

**IT IS SO ORDERED.**

                                            /s/ Dan A. Polster    4/8/2015
                                            **Dan Aaron Polster**
                                            **United States District Judge**